### THE BEN HOOLEY.*

*(District Court, E. D. Pennsylvania.  February 21, 1881.)*

1. ADMIRALTY—TOWING VESSEL FROM PIER IN ORDER TO MOVE ANOTHER VESSEL—RESPONSIBILITY OF TUG FOR COLLISION CAUSED BY DEFECTIVE HAWSER.

    A tug which, in order to move a vessel from a pier, moves another vessel into the stream against the protest of her officers, is responsible for a collision caused by the defective condition of the latter vessel's hawser, with which the towing is done.

2. SAME—EXTENT OF TUG'S DUTY—WHEN NOT RELIEVED BY NEGLECT OF VESSEL IN TOW.

    Two schooners were lying at a pier. A tug was employed to tow one of them out, and, in order to do so, undertook to tow the other

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

into the stream, against the protest of her mate, who was in charge. In doing this the hawser of the latter vessel broke, the breaking resulting in a collision with and damage to a vessel anchored in the stream.

*Held*, that the tug was bound to have ascertained whether the hawser was sufficient, and was responsible for the damage.

*Held, further*, that the tug was not relieved, because the schooner might have anchored after the first breaking of the hawser, and thus avoided the collision.

In Admiralty.

Libel for collision, by the schooner Galloway C. Morris against the steam-tug Ben Hooley. The facts are as follows: On November 3, 1876, the schooners Ella C. Little and Index were lying at a pier in the Delaware river. The Index employed the respondent tug to tow her into the stream, and in order to do so the tug undertook to first tow the Little into the stream. While doing this the hawser parted and the Little collided with and damaged the Galloway C. Morris, which was anchored in the stream. On behalf of the libellant it was alleged that the tug towed the Little into the stream against the protest of the latter's mate, and in doing so used the Little's hawser, after notice of the mate that it was rotten. On behalf of the respondent it was alleged that the mate of the Little refused to move his vessel, and was compelled to do so by the dock-master; that he then furnished a line to the tug, and the Little was towed out into the stream; that the hawser then parted, but it being a convenient place to anchor, those in charge of the tug requested the mate of the Little to let go her anchor; that he did not do this, and the tug then went along-side, again received a line from the Little, and attempted to tow her; that the hawser again parted, and the collision with the Morris resulted; that those in charge of the tug had no notice or knowledge of the defective condition of the hawser, and that if the Little had anchored after the first breaking of the hawser the collision would not have occurred.

*Henry R. Edmunds*, for libellant.

*Alfred Driver* and *J. Warren Coulston*, for respondent.

BUTLER, D. J. The liability of the respondent is plain. The loss resulted directly from his negligence. If he did not

know the rotten condition of the hawser, with which he attempted to move the Little, at the outset, (and the complainant's witnesses swear he did,) he became aware of it, according to the testimony produced by himself, immediately after.   The result would be the same, however, if he did not know.   Undertaking to move the vessel for his own convenience, against her protest, the responsibility for all that was done rested on him.   It was his duty to ascertain whether the hawser was sufficient to control her.   The failure to do this was the direct cause of the injury which followed.   It is of no consequence that those on board the Little, might possibly have averted the catastrophe by dropping her anchor. As respects the libellant, the respondent cannot complain that somebody did not interfere to save him from the consequences of his folly.   He took the Little, in charge on his own account, against her will, and as respects the libellant, was responsible for her management.   If unfit to go out because of the condition of her anchors, or on any other account, he should not have taken her.   The authorities cited by his counsel relate to questions between the owners of tugs and their tows, and have no application to the case in hand. It is doubtful at least whether the ordinary relation of tug and tow existed between the respondent and the Little; but even if it did, and both vessels might be regarded as in fault, the right of the libellant to recover from the respondent would not be affected thereby.

A decree must be entered for the libellant accordingly.